**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000341
13-FEB-2014
08:45 AM**

NO. CAAP-11-0000341

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAMES D. ARTHUR, Plaintiff-Appellant,
v.
GOODFELLOW BROTHERS, INC., Defendant-Appellee,
and
JOHN DOES 1-10, DOE ENTITIES 1-10.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0212)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant James D. Arthur (Arthur) appeals
from the Judgment, filed on March 18, 2011, entered in the
Circuit Court of the First Circuit (circuit court)[1] disposing of
all claims in favor of Defendant-Appellee Goodfellow Brothers,
Inc. (Goodfellow).

On appeal, Arthur contends that the circuit court erred
when it: (1) denied Arthur's "Motion in Limine #3 to Exclude
Evidence of Plaintiff's Complaints to HCRC, EEOC, NLRB and
Lawsuit Against Union" (Motion in Limine #3), filed September 16,
2010; (2) denied Arthur's Motion for a New Trial (Motion for a
New Trial); and (3) granted Goodfellow's Motion for Attorneys'
Fees and Costs (Motion for Fees/Costs).

---

[1] The Honorable Patrick W. Border presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Arthur's points of error as follows:

(1) Arthur argues that because his Motion in Limine #3 was denied, "the entire trial was saturated from opening statements, through examination of witnesses, and in closing arguments about the fact that [Arthur's] claims in those other forums were dismissed, and thus, the jury in this [case] should find in conjuction with those other cases and dismiss this case."

Arthur's Motion in Limine #3, which was brought pursuant to Hawai'i Rules of Evidence (HRE) 401, 402 and 403, sought to exclude evidence of complaints he filed with the Hawai'i Civil Rights Commission (HCRC), Equal Employment Opportunity Commission (EEOC), and National Labor Relations Board (NLRB), as well as evidence of a lawsuit he filed against the Operating Engineers Local Union No. 3 and a co-worker (collectively, "Other Complaints"). In his motion, Arthur noted that each of the Other Complaints had been dismissed for various reasons and if the Other Complaints were raised, he would have to explain the circumstances as to each.

During the hearing on Motion in Limine #3, the circuit court indicated its concern that Goodfellow sought to use evidence of the Other Complaints as "telegraphing to the jury, look he tried all this stuff and none of the rest of it worked, so why should you give him this recovery." The circuit court further explained its view, however, that the evidence would be relevant as to apportionment, as well as to show that Arthur gave different explanations in different forums for why he was injured. In relevant portions of the hearing, the circuit court explained:

> THE COURT: . . . . What is presented here is alternative explanations for not only the degree of injury and the causes of it, but also inception of the lawsuit itself.

2

Is this a lawsuit about having been wrongly terminated, or is it a lawsuit about having been accused by a fellow employee about sexual behavior, or is it - - it has very to do with the core of the allegations itself. If there's evidence that the plaintiff provided alternate explanations to different sources, then it's more than just apportionment, but it[s] apportionment.

. . . .

THE COURT: . . . . But what I'm finding from this is that if he approached a number of different agencies and alleged different bases for why he is injured, then that would be relevant.

MS. CARPENTER-ASUI: Well, that's the same thing where he's alleging here that Fa'a was swearing at him and calling him a queer and a pussy and everything else. That's part of this case.

THE COURT: No, no. But, see, you're confusing evidence with cause of action. The evidence may overlap so that he may claim the employer did nothing to get this fellow Fa'a away from aggression. That's evidence. But if the basis for his injury is the claim that Fa'a impugned his sexual orientation or his integrity in that regard, that's a different complaint. It's a different explanation for why he is injured. And if that's the case, then the jury is entitled to know that there are various explanations presented for why he is injured.

MS. CARPENTER-ASUI: Well, Your Honor - -

THE COURT: As well as assigning fault for thoses [sic] bases. If for instance, let me say. His claim to the NLRB is that the union failed to represent him properly, and that may be the source of an injury for him. I'm not here to challenge that, I'm not making findings of fact. But if the NLRB complaint alleges that he was injured on account of the union, is the employer responsible for paying those damages? I would say no. I think the law says no.

And if that's the case, then it does give rise to apportionment clearly, but I think moreover, and I wouldn't preclude argument to the fact that to a different agency a different explanation was provided. In other words, the complaint is fundamentally different depending upon where the forum is, and I think that's a fair argument. So I'm not going to preclude this evidence. The motion to excludes [sic] the evidence is denied.

(emphasis added.)

In his opening brief, Arthur challenges certain arguments by Goodfellow's counsel during opening and closing statements, as well as cross-examination questions posed by Goodfellow's counsel, related to Arthur's filing of the Other Complaints and the dispositions of those Other Complaints.

3

Arthur seeks plain error review by this court, apparently conceding that he failed to object at trial to the statements he now raises on appeal.

Arthur does not challenge admission of the Other Complaints or the results in those proceedings on grounds that such evidence is irrelevant. As noted by the circuit court, evidence of the Other Complaints was relevant to show that, during the same relevant time period, Arthur gave different explanations in different forums for his alleged injuries. Moreover, as to apportionment, Arthur's own doctor testified that Arthur's Other Complaints *and the dismissals of those claims* contributed to Arthur's emotional distress. Arthur's specific contention, then, is that it was plain error to allow Goodfellow to admit evidence that Arthur's Other Claims were dismissed for the purpose of arguing that the jury should similarly "find in conjunction with those other cases."

Given the manner in which the circuit court ruled on Motion in Limine #3, Arthur was required to object at trial to admission of the evidence he now challenges on appeal. Under Hawai'i case law, "objections need not be renewed if the prior ruling on the motion in limine amounted to an unequivocal holding concerning the issue raised." Lussier v. Mau-Van Dev., Inc., 4 Haw. App. 359, 393, 667 P.2d 804, 826 (1983); see Kobashigawa v. Silva, 129 Hawai'i 313, 322, 300 P.3d 579, 588; see HRE Rule 103. "A trial court's ruling on a motion in limine is definitive when it leaves no question that the challenged evidence will or will not be admitted at trial. . . . We also note that the key to deciding whether the general rule or the definitive ruling exception applies in a given case is determining what the trial court purported to do in its ruling." Kobashigawa, 129 Hawai'i at 329, 300 P.3d at 595 (emphasis added) (citations, internal quotation marks and brackets omitted).

The circuit court in this case noted its concern if evidence as to the outcomes of the Other Complaints was used to suggest that the jury should likewise not give Arthur a recovery

4

in this case. The circuit court then discussed at length the purposes for which it believed the evidence was admissible. Given these circumstances, the circuit court did not make a definitive ruling allowing or disallowing evidence of the dismissals for the purpose challenged on appeal. Thus, and consistent with Arthur's request that we review for plain error, he was obligated to object at trial to the evidence and statements he seeks this court to review.

Plain error review "represents a departure from the normal rules of waiver that govern appellate review" and thus "an appellate court should invoke the plain error doctrine in civil cases only . . . when justice so requires[.] As such, the appellate court's discretion to address plain error is always to be exercised sparingly." Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) (citations and internal quotation marks omitted). For civil cases:

> [w]e have taken three factors into account in deciding whether our discretionary power to notice plain error ought to be exercised[:] (1) whether consideration of the issue not raised at trial requires additional facts; (2) whether its resolution will affect the integrity of the trial court's findings of fact; and (3) whether the issue is of great public import.

Id. (quoting Montalvo v. Lapez, 77 Hawai'i 282, 291, 884 P.2d 345, 354 (1994)).

Here, in light of the testimony by Arthur's doctor, evidence that the Other Complaints were dismissed was relevant and properly admitted to show that those dismissals contributed to Arthur's emotional distress injuries. The evidence was also used, however, to suggest that the jury should find in conformity with the outcome of the Other Complaints, which was improper. See Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 245-47, 948 P.2d 1055, 1086-88 (1997). Although we do not condone Goodfellow's use of the results of the Other Complaints to suggest a similar outcome in this case, the entirety of the record convinces us that the integrity of the jury's determination was not undermined and the issue is not of such

great public import that we should vacate the jury's decision based on plain error.

The alleged harm from the improper use of the evidence is that the jury did not agree with Arthur that Goodfellow took retaliatory action against him and that the jury found in favor of Goodfellow.  Arthur does not explain why he should have prevailed in this case.  Goodfellow, on the other hand, points to substantial evidence to support its contention that it did not retaliate against Arthur and to support the jury's verdict. Ultimately, based on our review of the record and considering the context of the entire proceedings, Goodfellow's improper use of the properly admitted evidence did not prejudicially affect the jury's findings or the fairness of the proceedings.  See Shanghai Inv. Co. v. Alteka Co., 92 Hawai'i 482, 500, 993 P.2d 516, 534 (2000), overruled on other grounds by Blair v. Ing, 96 Hawai'i 327, 31 P.3d 184 (2001); Krohnert v. Yacht Systems Hawaii, Inc., 4 Haw. App. 190, 198 n.10, 664 P.2d 738, 743 n.10 (App. 1983). We thus decline to invoke plain error to vacate the jury's verdict.

(2)   The circuit court did not err by denying Arthur's Motion for a New Trial.  On appeal, Arthur simply incorporated his arguments from point of error # 1, briefly stating: "Plaintiff-Appellant's legal arguments supra are incorporated by reference here.  Plaintiff-Appellant's motion for a new trial should have been granted."  Because we reject Arthur's first point of error, the circuit court did not err in denying him a new trial.

(3) Arthur's final point of error is that the circuit court erred in granting Goodfellow's Motion for Fees/Costs because Arthur should have been granted a new trial and thus Goodfellow is not the prevailing party.  Given our conclusion that Arthur is not entitled to a new trial, his contention on the prevailing party issue is unavailing.

Therefore, IT IS HEREBY ORDERED that the Judgment filed on March 18, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 13, 2014.

On the briefs:

Venetia K. Carpenter-Asui
for Plaintiff-Appellant

Ronald Y.K. Leong
Melvyn M. Miyagi
Lani Narikiyo
Ross T. Shinyama
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge